RAMÓN MONTANER, in his capacity as MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. THE INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent, and MANUEL L. MIRÓ, employer, Petitioner before the Industrial Commission.

No. 162. Argued January 30, 1939.—Decided March 29, 1939.

B. Fernández García, Attorney General, E. de Aldrey, Assistant Attorney General, and Víctor J. Vidal González, Attorney of the State Insurance Fund, for petitioner. G. Benítez Gautier and Jorge Benítez Gautier for employer, petitioner before the Industrial Commission. M. León Parra for defendant Commission.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is an appeal from an order of the Industrial Commission refusing to dismiss a proceeding filed with it to review certain classifications and premium rates. The facts, substantially, are the following:

In order to prepare his bid for a contract entitled "Improvement and Extension of the Ponce Water Works"

(Mejoras al Sistema de Distribución del Acueducto de Ponce), Manuel L. Miró consulted the Manager of the State Fund as to the classification and premium rate which would be applied to such a project under the Workmen's Compensation Act. He was informed that the rate fixed would be that corresponding to classification code No. 7520 or $1.68 per $100 paid in wages. The contractor was awarded the contract and on April 26, 1937, took out policy No. 8708 under the rate and classification code mentioned.

On May 19, 1937, the Manager of the State Fund notified Miró that a mistake had been made in the issuance of his policy and that it would have to be canceled or altered so as to conform to classification code No. 6319 with a rate of 5.75 per cent instead of 1.68 per cent. This controversy was satisfactorily settled, up to the end of the fiscal year 1936-1937 which was June 30, 1937.

When the policy had to be renewed for the year 1937–38, the Manager of the State Fund insisted that Miró's contract fell under Classification code No. 6319 the rate of which had been increased to 10.51 per cent. As the employer was bound to insure under the terms of the contract, he paid the premium for the first semester, amounting to $3,678.50, under protest. Apparently he has never paid the premium corresponding to the second semester. The contract was finished in April of 1938 and on June 10, 1938, the employer filed a petition with the Industrial Commission, under section 24 of Act No. 45 of 1935 (Session Laws, p. 250, 302 et seq.), to review the premium rate and classification applied· by the Manager of the State Fund for the year 1937–1938. In this petition the employer raised the following questions:

(1) That the Manager of the State Fund erred in including the employer's contract under code (*clave*) 6319 instead of 7520;

(2) That the Manager had no authority to make new classifications after May 1, 1937, according to section 23 of the Workmen's Compensation Act;

(3) That the Manager could not alter the terms under which the original policy had been issued inasmuch as from that moment there was created a contract for the duration of petitioner's project;

(4) That the Manager abused his discretion in raising the premium rates for the type of work covered in this case; and

(5) That the Manager erred in assessing the petitioner at the new rate of 10.51%.

The attorney for the Manager of the State Fund answered and subsequently interposed a motion to dismiss the petition on the ground that the employer's cause of action had prescribed in part, and was academic in view of subdivisions (3) and (4) of section 24 of the Act. This section reads:

"Section 24.—The decisions of the Manager, fixing and regulating the premium rates for each group of occupations or industries, and the rate classification to govern each group or industry in particular, or any order increasing the premium rate for a certain employer, as provided in the preceding Section, may be review by the Industrial Commission of Puerto Rico in the following manner:

"1. The employer affected may file with the Industrial Commission of Puerto Rico, at any time during the year in which the Manager's decisions are to be effective, a petition for review by said Commission of the decisions rendered by the Manager in regard to rates or premiums for one or more occupations or industries, giving the reasons why said rates or premiums should be amended; and the Manager shall be required to appear and answer said petition within a term of ten (10) days. The Commission shall give preference to the case over all other cases on the calendar, and shall proceed to render a final decision in accordance with such rules as said Commission may have promulgated.

"2. The review referred to in the foregoing paragraph shall in no way suspend the collection of the premiums or the effects of any other provision of this Act; nor shall the courts issue writs of injunction enjoining the collection of said premiums or taxes while the case is under review.

"3. In case the decision of the Commission is in the sense of reducing the rate or premium that the Manager has fixed for any class of occupation or industry, neither the Manager of the State Fund nor the Treasurer of Puerto Rico shall, in any case, be ordered to

return the excess paid in premiums or taxes, but such excess, computed from the date of the filing of the petition, shall be deducted from the premiums or taxes to be collected in future from the employers filing the petitions.

"4. In case any classification is modified by an order or decree of the Commission, as herein provided, the Manager shall compute new rates, premiums, or taxes in the manner determined by the Commission for all such employers as have workmen or employees within the challenged classification or classifications; *Provided,* That said rates, premiums, or taxes shall be computed from the date on which the petition for review was filed with the Commission and shall govern only to the end of the fiscal year to which said classification or classifications pertained.

"In order to carry out the provisions of this section, the Manager of the State Fund shall, prior to May 1 of each year, hold public hearings in different towns of the Island, giving notice thereof to all insured employers so that they may appear and make any allegations they wish in regard to their right in connection with such grouping of occupations or industries. This notice shall be published in two newspapers having the largest circulation in the Island.

"The Manager of the State Fund is likewise empowered to collect from each individual employer in the same industry such percentage of premiums as, in his judgment, may be fairest, as an additional surcharge on the premiums that he may fix, when, on account of failure to use industrial safety appliances, on account of poor administration, or on account of reasons which cannot be satisfactorily explained to the Manager, there occurs in the factory, establishment, or working place of said employer a number of accidents disproportionate to the usual number occurring in establishments, factories, or working places similar to those of other employers engaged in the same industry or business; and to this end the Manager is hereby authorized to prescribe such rules as he may deem opportune."

The Industrial Commission, by decision of December 16, 1938, refused to dismiss the proceeding for review because it was of the opinion that there was an important question involved as to whether an employer who insures for the duration of a specific job is not in a different position with regard to classifications than he who employs and insures

workmen regularly, year in and year out. The Commission recites the facts somewhat differently from the petitioner. Whereas the petitioner states in his petition that the Manager, in May of 1937, did not insist on pressing his contention that Miró's job had been erroneously classified under code No. 7520 instead of 6319 and thus insist on collecting $5.75 instead of $1.68 per $100 pay roll, the Commission apparently assumes the contrary to have been the fact inasmuch as it proceeds to approve the Manager's right and power to correct a classification made under a supposed mistake of fact. What the Commission finds questionable is whether the Manager, after correcting the classification in May, from No. 7520 to No. 6319, *could,* two months later, increase the premium rate for that same classification from $5.75 to $10.75, at least with reference to a special job.

We are of the opinion that the doubt expressed by the Commission is not frivolous and merits further consideration. Should the point be decided in favor of the contractor, the case would not fall under section 24, supra, as the review would not then involve a revision on the merits of a cassification or premium rate but the enforcement of a contract right. Section 24, perhaps, would not clearly cover the situation as the issue would not be based on an error of appreciation by the Commission in computing or assessing the premium rates nor in effecting a classification.

At any rate, sufficient doubt has arisen in our minds as to the possibilities of raising meritorious questions in this case, to make us feel bound to affirm the decision of the commission refusing to dismissing the appeal.

The order of the Industrial Commission of December 16, 1936, is affirmed and the case remanded for further proceedings according to law.